**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Sally Waller, Crystal Wilson, Rosie Stevenson, Patricia Cook, Judith Wendling, Winnie Van and Julia Biggs, | FILED: JUNE 9, 2009<br>09CV3505<br>JUDGE GRADY<br>MAGISTRATE JUDGE SCHENKIER<br>AO |
| Plaintiffs, | |
| v. | No. |
| Phillips & Cohen Associates, Ltd., a New Jersey corporation, | |
| Defendant. | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Sally Waller, Crystal Wilson, Rosie Stevenson, Patricia Cook, Judith Wendling, Winnie Van and Julia Biggs, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and allege:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff Waller resides here: and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Sally Waller ("Waller"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a

delinquent consumer debt she owed for a Target credit card. Defendant demanded payment of this debt, despite the fact that Ms. Waller was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

  4. The other Plaintiffs are all also clients of the attorneys at LASPD, from whom Defendant attempted to collect various delinquent consumer debts, despite the fact that they were represented by counsel. Crystal Wilson ("Wilson") is a citizen of the State of Pennsylvania; Rosie Stevenson ("Stevenson") is a citizen of the State of Mississippi; Patricia Cook ("Cook") is a citizen of the State of Michigan; Judith Wendling ("Wendling") is a citizen of the State of Washington; Winnie Van ("Van") is a citizen of the State of Arizona; and Julia Biggs ("Biggs") is a citizen of the State of North Carolina,.

  5. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

  6. From Defendant P&C's offices in New Jersey, it operates a nationwide debt collection business and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

  7. Defendant P&C is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as

Exhibit <u>A</u>.

8. Moreover, Defendant P&C is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. <u>See</u>, record from the Illinois Secretary of State, attached as Exhibit <u>B</u>

## FACTUAL ALLEGATIONS

<u>Ms. Sally Waller</u>

9. Ms. Waller is an elderly woman who fell behind in paying her bills. One such debt she was unable to pay was a debt she originally owed for a Target credit card. The Target account became delinquent, and eventually, Defendant P&C began collection actions relative to that debt. Accordingly, Ms. Waller sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their limited income is protected from collections.

10. On April 16, 2009, Ms. Waller's attorney at LASPD wrote a letter to Defendant P&C, advising P&C that Ms. Waller was represented by counsel as to this debt, and directing P&C to cease contacting Ms. Waller, and to cease all further collection activities because Ms. Waller was forced, by her financial circumstances, to refuse to pay her unsecured debts. A copy of this letter and the fax confirmation are attached as Exhibit <u>C</u>.

11. Nonetheless, Defendant P&C sent a collection letter, dated May 2, 2009, directly to Ms. Waller, demanding payment of the Target debt. A copy of this letter is attached as Exhibit <u>D</u>.

12. Accordingly, on June 3, 2009, Ms. Waller's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Waller. A copy of this letter and the fax confirmation are attached as Exhibit E.

**Ms. Crystal Wilson**

13. Ms. Wilson is an elderly woman who could no longer pay her credit card debts, including one for Lowe's. After it became delinquent and was turned over to collections, Ms. Wilson turned the matter over to her attorneys at LASPD.

14. On January 2, 2009, an attorney at LASPD wrote a letter to Defendant P&C, advising P&C that Ms. Wilson was represented by counsel, and directing P&C to cease contacting Ms. Wilson, and to cease all further collection activities, because Ms. Wilson was forced, by her financial circumstances, to refuse to pay her unsecured creditors. A copy of this letter and the fax confirmation are attached as Exhibit F.

15 Nonetheless, during February or March, 2009, Defendant P&C sent a collection letter directly to Ms. Wilson, demanding payment of the Lowe's debt. A copy of this letter is attached as Exhibit G.

16. Accordingly, on May 5, 2009, Ms. Wilson's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Wilson. A copy of this letter and the fax confirmation are attached as Exhibit H.

**Ms. Rosie Stevenson**

17. Ms. Stevenson is an elderly woman who fell behind on paying her bills, including a Lowe's credit card. Ms. Stevenson turned that delinquent debt over to her attorneys at LASPD when Defendant P&C began its collection actions.

18. On April 10, 2009, Ms. Stevenson's attorney at LASPD wrote a letter to Defendant P&C, advising P&C that Ms. Stevenson was represented by counsel as to this debt, and directing P&C to cease contacting Ms. Stevenson, and to cease all further collection activities because Ms. Stevenson was forced to refuse to pay her unsecured debts, due to her financial problems. A copy of this letter and the fax confirmation are attached as Exhibit I.

19. Nonetheless, Defendant P&C sent a collection letter, dated May 2, 2009, directly to Ms. Stevenson, demanding payment of the Lowe's credit card debt. A copy of this letter is attached as Exhibit J.

20. Accordingly, on May 26, 2009, Ms. Stevenson's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Stevenson. A copy of this letter and the fax confirmation are attached as Exhibit K.

**Ms. Patricia Cook**

21. Ms. Cook is an elderly woman who could no longer pay her unsecured bills, including a Target credit card. Accordingly, when Defendant P&C began demanding payment of this delinquent debt, she turned the matter over to her legal aid attorneys at LASPD.

22. On April 16, 2009, Ms. Cook's attorney at LASPD wrote a letter to Defendant P&C, advising P&C that Ms. Cook was represented by counsel as to this debt, and directing P&C to cease contacting her, and to cease all further collection activities because she was forced, due to her financial circumstances, to refuse to pay the debt. A copy of this letter and the fax confirmation are attached as Exhibit L.

23. Nonetheless, Defendant P&C sent a collection letter, dated May 2, 2009, directly to Ms. Cook, demanding payment of the Target debt. A copy of this letter is attached as Exhibit M.

24. Accordingly, on June 1, 2009, Ms. Cook's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Cook. A copy of this letter and the fax confirmation are attached as Exhibit N.

**Ms. Judith Wendling**

25. Ms. Wendling is a disabled woman who had to stop paying her credit card debts, including a Target credit card. Accordingly, Ms. Wendling turned Defendant P&C's collection actions regarding that delinquent debt over to her attorneys at LASPD.

26. On April 26, 2009, Ms. Wendling's attorney at LASPD wrote a letter Defendant P&C a letter, advising P&C that Ms. Wendling was represented by counsel as to this debt, and directing P&C to cease contacting Ms. Wendling, and to cease all further collection activities because she was forced, due to her financial circumstances, to refuse to pay the debt. A copy of this letter and the fax confirmation are attached as Exhibit O.

27. Nonetheless, Defendant P&C sent a collection letter, dated May 2, 2009, directly to Ms. Wendling, demanding payment of the Target debt. A copy of this letter is attached as Exhibit P.

28. Accordingly, on June 3, 2009, Ms. Wendling's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Wendling. A copy of this letter and the fax confirmation are attached as Exhibit Q.

**Ms. Winnie Van**

29. Ms. Van is an elderly woman who could no longer pay her credit card debts, including her Target credit card. Accordingly, Ms. Van turned Defendant P&C's collection actions regarding that delinquent debt over to her attorneys at LASPD.

30. On April 21, 2009, Ms. Van's attorney at LASPD wrote a letter to Defendant P&C, advising P&C that Ms. Van was represented by counsel as to this debt, and directing P&C to cease contacting Ms. Van, and to cease all further collection activities because Ms. Van was forced, by her financial circumstances, to refuse to pay this debt. A copy of this letter and the fax confirmation are attached as Exhibit R.

31. Nonetheless, Defendant P&C sent a collection letter, dated May 2, 2009, directly to Ms. Van, demanding payment of the Target debt. A copy of this letter is attached as Exhibit S.

32. Accordingly, on June 1, 2009, Ms. Van's LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Van. A copy of this letter and the fax confirmation are attached as Exhibit T.

**Ms. Julia Biggs**

33. Ms. Biggs is an elderly woman who could no longer pay her credit card debts, including a Lowe's credit card. Accordingly, Ms. Biggs turned Defendant P&C's collection actions regarding that delinquent debt over to her legal aid attorneys at LASPD.

34. On January 16, 2009, Ms. Biggs' attorney at LASPD wrote a letter to Defendant P&C, advising P&C that Ms. Biggs was represented by counsel as to this debt, and directing P&C to cease contacting Ms. Biggs, and to cease all further

collection activities. A copy of this letter and the fax confirmation are attached as Exhibit U.

35. Nonetheless, Defendant P&C sent collection letters, dated January 30, 2009 and March 12, 2009, directly to Ms. Biggs, demanding payment of the Lowe's debt. Copies of these letters are attached as Exhibits V and W, respectively.

36. Accordingly, on March 31, 2009, Ms. Biggs' LASPD attorney had to send Defendant P&C yet another letter, directing it to cease communicating directly with Ms. Biggs. A copy of this letter and the fax confirmation are attached as Exhibit X.

37. All of the collection actions complained of in this matter occurred within one year of the date of this Complaint.

38. Defendant P&C's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

39. Plaintiffs adopt and reallege ¶¶ 1-38.

40. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

41. Defendant knew that Plaintiffs were represented by counsel in connection with these debts because their attorneys had informed Defendant, in writing, that Plaintiffs were represented by counsel, and had directed Defendant to cease directly

communicating with Plaintiffs. By directly contacting Plaintiffs, via letters, despite being advised that each of the Plaintiffs were represented by counsel, Defendant P&C violated § 1692c(a)(2) of the FDCPA.

42. Defendant P&C's violations of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Collections

43. Plaintiffs adopt and reallege ¶¶ 1-38.

44. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

45. Here, Plaintiffs' LASPD attorney told Defendant P&C to cease communications, and that, because each of the Plaintiffs could no longer afford to pay these debts, they were forced to refuse to pay same. By continuing to communicate regarding these debts and demanding payment, Defendant P&C violated § 1692c(c) of the FDCPA.

46. Defendant P&C's violations of § 1692c(c) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiffs, Sally Waller, Crystal Wilson, Rosie Stevenson, Patricia Cook, Judith Wendling, Winnie Van and Julia Biggs, pray that this Court:

1. Declare that Defendant P&C's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, and against Defendant P&C, for damages, costs, and reasonable attorneys' fees, as provided for by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Sally Waller, Crystal Wilson, Rosie Stevenson, Patricia Cook, Judith Wendling, Winnie Van and Julia Biggs, demand trial by jury.

        Sally Waller, Crystal Wilson, Rosie Stevenson, Patricia Cook, Judith Wendling, Winnie Van and Julia Biggs,

        By: /s/ David J. Philipps
        One of Plaintiffs' Attorneys

Dated: June 9, 2009

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com